1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALFRED D. PORTER,

     Plaintiff(s),

v.

LABORMAX STAFFING AGENCY,

     Defendant(s).

Case No. 2:23-cv-00550-ART-NJK

**ORDER**

     Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 2.  Pending before the Court is Plaintiff's complaint, Docket No. 2-1, which must be screened pursuant to § 1915(e).

**I.**    ***In Forma Pauperis* Application**

     Plaintiff filed the affidavit required by § 1915(a).  Docket No. 2.  Plaintiff has shown an inability to prepay fees and costs or give security for them.   Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

     Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings.  *See, e.g.*, Fed. R. Civ. P. 12(h)(3).   Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

Before filing suit, an employment plaintiff must administratively exhaust his remedies with the United States Equal Employment Opportunity Commission or the Nevada Equal Rights Commission. *See, e.g.*, *You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248-49 (D.

Haw. 2013).  The plaintiff must attach to his complaint the right to sue letter issued in relation to those administrative proceedings.  *See, e.g.*, *Delaney v. Lynwood Unified School Dist.*, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008).  Federal subject matter jurisdiction is lacking when the plaintiff did not exhaust his administrative remedies.  *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).

In this case, Plaintiff does not allege that he has administratively exhausted his remedies and he does not attach a right to sue letter.

In light of the above, Plaintiff's complaint is **DISMISSED** with leave to amend.  If Plaintiff can cure the deficiencies identified above, he must file an amended complaint by May 24, 2023.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **May 24, 2023**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: April 25, 2023

_____
Nancy J. Koppe
United States Magistrate Judge